**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vincent Lee FERGUSON,**
**Defendant–Appellant.**

No. 03–13803
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 17, 2006.

Ana Maria Jhones, Coral Gables, FL, for Defendant–Appellant.

Marc Fagelson, Anne R. Schultz, U.S. Attorney's Office–S.D. of Florida, Maria Beguiristain, Miami, FL, for Plaintiff–Appellee.

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:

This case is before the Court for consideration in the light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We previously affirmed Appellant's convictions and sentences for cocaine importation, 21 U.S.C. § 952(a), and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). *See United States v. Ferguson*, 129 Fed.Appx. 597 (11th Cir.2005) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in the light of *Booker*.

In his initial brief on direct appeal, Appellant challenged his convictions, but not his sentences. And Appellant did not assert error based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or any case extending or applying the *Apprendi* principle. Appellant first mentioned a *Booker*-based sentencing claim in his petition for rehearing, which we denied. In *United States v. Ardley*, 242 F.3d 989 (11th Cir.), *cert. denied*, 533 U.S. 962, 121 S.Ct. 2621, 150 L.Ed.2d 774 (2001), after the Supreme Court's remand with instructions to reconsider our opinion in the light of *Apprendi*, we declined to review the *Apprendi* issue because it was not presented in the appel-

lant's initial brief. *Id.* at 990 (citations omitted); *see also United States v. Nealy*, 232 F.3d 825, 830 (11th Cir.2000) ("Defendant abandoned the [*Apprendi*] indictment issue by not raising the issue in his initial brief"). Recently, we applied *Ardley* to a post-*Booker* remand and determined that the defendant had abandoned his *Booker* claim because he failed to raise it at the district court or in his initial brief. *See United States v. Dockery*, 401 F.3d 1261, 1262–63 (11th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 442, 163 L.Ed.2d 336 (2005).

Appellant did not assert error based on *Apprendi* (or its progeny) in his initial brief on appeal. We, thus, reinstate our previous opinion in this case and affirm Appellant's convictions and sentences after our reconsideration in the light of *Booker*, pursuant to the Supreme Court's mandate.

OPINION REINSTATED; CONVICTIONS AND SENTENCES AFFIRMED.